IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| VARNARIO T. HARRIS, | :<br>:<br>: |
| Plaintiff, | :<br>: CIVIL ACTION FILE |
| VS. | : NO. **7:03-CV-33(HL)**<br>: |
| GEORGIA DEPARTMENT OF CORRECTIONS, JIM WETHERINGTON, STEVE LEWIS, KEVIN ROBERTS, THOMAS GONZALEZ, and OFFICER RIVERA, | :<br>:<br>:<br>:<br>: |
| Defendants. | : |

**O R D E R**

This order will address two motions to compel discovery from two defendants in this § 1983 action maintained by a Georgia State prisoner. For the reasons set out below both motions are **DENIED.** The motion docketed at document # 30 seeks an order requiring the defendant Rivera to provide discovery, while the motion docketed at document # 33 seeks and order requiring the defendant Roberts to provide discovery. Unless stated otherwise the below stated reasoning applies equally to both motions.

First, it does not appear that the plaintiff has certified in either motion as required by Federal Rule of Civil Procedure 37(a)(2)(A) that he "has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action."[1]

---

[1] Plaintiff's objections to defendants' response of [sic] plaintiff's motion to compel discovery, document # 38, contains a partial certification. The above referenced Federal Rule however requires that the certification be contained in the motion. The Federal Rules of Civil Procedure apply to *pro se in forma pauperis* litigants. Moon v. Newsome, 863 F.2d835 (11th Cir. 1989).

Second, with regard to the interrogatories and requests for admissions about which plaintiff complains as to both defendants, this discovery was propounded well after the discovery period was closed.  According to his motions plaintiff propounded this discovery on March 15, 2005.  The order of this court which allowed this civil action to proceed was filed on October 9, 2003.  Among other things that order provided that, "[i]t is hereby ordered that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant unless an extension is other wise granted by the court upon a showing of good cause therefor . . . . "  That order further provided that the discovery period would commence upon the filing of an answer or dispositive motion by the defendants.  The answer of these defendants was filed on November 3, 2003, thus the discovery period ended on or about February 1, 2004, as there have been no extensions of the discovery period as to interrogatories or requests for admissions.

Third, although they did not have to respond to this discovery for the reason set out above, the defendants have filed their responses to plaintiff's interrogatories and requests for admission of facts.  A review of these documents shows the defendants to have fully answered the interrogatories and responded to the requests for admission of facts.  That the propounding party does not get the answer he wants will not sustain a motion to compel discovery.

Fourth, regarding the request for production of documents by defendant Rivera, plaintiff initially served 14 requests for production upon the defendants jointly.  Defendants objected pointing out the fact that requests for production of documents was limited to ten requests per defendant and requesting that said requests be propounded to each defendant individually.  In an order entered on August 10, 2004, the court stated that, "[p]laintiff is directed to limit his

requests for the production of documents to ten (10) to each party.  Furthermore, plaintiff should propound separate and distinct requests to each defendant." This, the plaintiff has apparently failed to do.

SO ORDERED, this 24th day of February 2006.

/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE