IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| VARNARIO T. HARRIS, : | |
|    Plaintiff, : | |
| vs. : | Civil Action File No. |
| : | **7:03-CV-33 (HL)** |
| GEORGIA DEPARTMENT OF CORRECTIONS; : | |
| JIM WETHERINGTON; STEVE LEWIS; : | |
| KEVIN ROBERTS; THOMAS GONZALES; : | |
| and OFFICER RIVERA, : | |
|    Defendants. : | |

**ORDER**

Presently pending in the *pro se* prisoner action are defendants' motion to quash a subpoena, and plaintiff's motions for placement on the trial calendar and his motion for leave to conduct additional discovery.

*1. Defendants' Motion to Quash (doc. 41)*

Defendants file their motion to quash a subpoena served upon Georgia Department of Corrections Commissioner James E. Donald by plaintiff. Defendants argue, correctly, that such a discovery request should have been served upon counsel for defendants. Moreover, it appears that plaintiff has received at least some of the documents he sought from Commissioner Donald by his own admission in his request (discussed below) for additional discovery.

Defendants are correct, and their motion is therefore **GRANTED**.

*2. Plaintiff's Motion for Placement on the Trial Calendar (doc. 43)*

Plaintiff requests that this action be placed upon the trial calendar. However, in light of the

fact that there is still outstanding discovery, hopefully resolved within this order, plaintiff's motion is premature. Additionally, the undersigned notes that the district judge to whom this case is assigned will place this case upon his trial calendar when it is in a posture suitable for trial.

Consequently, it is the ORDER of the undersigned that plaintiff's motion for placement on the trial calendar be **DENIED** as premature.

### 3. Plaintiff's Motion to Conduct Additional Discovery (doc 44)

Plaintiff requests additional discovery. Specifically, plaintiff claims that defendants provided plaintiff with some of the documents he requested relative to the institutional file of inmate John Thorne; however, plaintiff claims that some relevant documents are missing. Acknowledging that the file may contain privileged documents, plaintiff requests that the court conduct an *in camera* inspection of the entire institutional file of inmate Thorne. Plaintiff's motion is **GRANTED as follows**: defendants are to provide a copy of the institutional file of inmate John Thorne to the undersigned WITHIN FIFTEEN (15) DAYS of the date of this order. The undersigned will conduct an *in camera* inspection per plaintiff's request.

Plaintiff also requests a transcript of the criminal trial of John Thorne wherein he was convicted of the assault on plaintiff. Plaintiff points out that some defendants gave testimony during the trial, which would be relevant to the current case. While it is relevant, such documentation is available from the Clerk of Court in the county in which Thorne was tried, and plaintiff should seek to obtain such documents from the Clerk of Court of that county. This part of the motion is **DENIED**.

Plaintiff's motion is **GRANTED in part and DENIED in part**.

**SO ORDERED**, this 14th day of June, 2006.

    /S Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

msd