# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **VARNARIO T. HARRIS** : | |
| **Plaintiff,** : | |
| v. : | Civil Action No. |
| : | 7:03-CV-33 (HL) |
| **GEORGIA DEPARTMENT OF** : | |
| **CORRECTIONS, et al.,** : | |
| **Defendants.** : | |

## ORDER

Before the Court is Defendants' Motion for Attorney's Fees and Costs (Doc. 61). For the reasons explained below, Defendants' Motion is denied.

## I. FACTS AND PROCEDURAL HISTORY

On April 4, 2003, Plaintiff simultaneously filed a Motion to Proceed in Forma Pauperis and a Complaint alleging prison officials at Valdosta State Prison violated his constitutional rights by placing him in a cell with John Wayne Thorne, an inmate officials allegedly knew had previously threatened to attack black inmates. Plaintiff's request to proceed in forma pauperis was granted on June 27, 2003; however, as a result of the frivolity screening required by 28 U.S.C. § 1915A, Defendant Georgia Department of Corrections was dismissed from the action on October 3, 2003. At the same time, United States Magistrate Judge Richard L. Hodge found Plaintiff's claims against Defendants Jim Wetherington, Steve Lewis, Kevin Roberts, Thomas Gonzales, Jr., and Officer Rivera to be colorable and allowed those claims to proceed.

The remaining Defendants subsequently filed a Motion to Dismiss the claims against Defendant Rivera arguing the claims were barred by the applicable statute of limitations and a Motion to Dismiss Plaintiff's claims against Defendants Wetherington and Gonzales for failure to exhaust administrative remedies. Upon consideration, Defendants' Motions to Dismiss were granted in part and denied in part. With respect to the Motion filed on behalf of Defendant Rivera, the Court denied the Motion finding that Plaintiff's complaint was filed well within the applicable statute of limitations. With respect to the Motion filed on behalf of Defendants Wetherington and Gonzales, the Court dismissed Plaintiff's claims attempting to hold Defendant Wetherington responsible for the actions of other, but allowed Plaintiff's remaining claims to go forward.

Defendants Wetherington, Lewis, Roberts, Gonzales, and Rivera then filed a Motion for Summary Judgement on July 12, 2006. In analyzing the motion, Judge Hodge concluded that written statements taken from inmates and staff during the prison's internal investigation could not be considered because the statements were not sworn. Likewise, Judge Hodge also concluded that the allegations contained within Plaintiff's unverifed complaint could not be considered as the statements were not made under penalty of perjury. Therefore, no admissible evidence was submitted to the Court that established Defendants had prior knowledge of inmate Thorne's violent tendencies. Accordingly, Judge Hodge recommended granting Defendants' Motion for Summary Judgement. This Court adopted the Recommendation and judgment for Defendants was entered September 27, 2006.

Defendants then filed the Motion for Attorney's Fees and Costs, which is at issue here. In the Motion, Defendants assert they are entitled to reasonable attorney's fees, in the

amount of $6298.50, pursuant to 42 U.S.C. § 1988 because Plaintiff's action was "clearly frivolous and without foundation." (Def.'s Mot. Attorney's Fees and Costs 3). Defendants also seek to recover costs associated with defending this action in the amount of $ 87.72, pursuant to Rule 54 of the Federal Rules of Civil Procedure.

## II. ATTORNEY'S FEES

In an action brought pursuant to 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b) (2000). "The fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees." Hughes v. Rowe, 449 U.S. 5, 14, 101 S.Ct. 173, 177 (1980). "[A] plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422, 98 S.Ct. 694, 701 (1978). In determining whether a suit is frivolous, "a district court must focus on the question whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." Sullivan v. School Bd. of Pinellas County, 773 F.2d 1182, 1189 (11th Cir. 1985) (citing Jones v. Texas Tech University, 656 F.2d 1137, 1145 (5th Cir. 1981))."Factors considered important in determining whether a claim is frivolous also include: (1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits." Id. (citing E.E.O.C. v. Kimbrough Investment Co., 703 F.2d 98, 103 (5th Cir. 1983); Jones, 656 F.2d at 1146).

In actions involving pro se plaintiffs, "[f]aithful adherence to the principles of Haines v. Kerner dictates that attorney's fees should rarely be awarded . . .." Hughes v. Rowe, 449 U.S. 5, 15, 101 S.Ct. 173, 179 (1980). "An unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims." Id. "The fact that a prisoner's complaint, even when liberally construed, cannot survive a motion to dismiss does not, without more, entitle the defendant to attorney's fees." Id. "Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit." Christiansburg, 434 U.S. at 422, 98 S.Ct. at 701.

Upon consideration of the record, the Court finds that awarding attorney's fees is not appropriate in this case. Although the admissible evidence Plaintiff submitted to the Court ultimately proved to be inadequate, Plaintiff's claims were neither frivolous or without foundation. The vast majority of Plaintiff's claims not only survived a frivolity screening, but also survived two independent Motions to Dismiss. Accordingly, Defendants' Motion is denied with respect to their request for an award of attorney's fees.

## III. COSTS

In actions involving plaintiffs proceeding in forma pauperis, "[j]udgment may be rendered for costs at the conclusion of the suit or action as in other proceedings . . .." 28 U.S.C. § 1915(f)(1) (2000). Federal Rule of Civil Procedure 54 generally authorizes awarding costs to the prevailing party in a legal action. While Rule 54 gives courts considerable discretion in refusing to award costs, 28 U.S.C. § 1920 explicitly "enumerates expenses that a federal court may tax as a 'cost' as used in Rule 54(d)." Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 442, 107 S.Ct. 2494, 2497 (1987). The following costs

may be taxed:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. 1920 (2000).

Defendants in this case are seeking reimbursement of long-distance telephone charges and Federal Express charges incurred in connection with this case. As § 1920 does not provide for reimbursement of telephone or mail charges, Defendants Motion is denied with respect to those claimed charges.

Defendants are also attempting to recover photocopying costs incurred in defending this case. The Court notes Defendants submitted a Bill of Costs on October 10, 2006 claiming a total of $37.85 in photocopying costs. These costs were taxed against Plaintiff on November 16, 2006. Defendants now claim additional facsimile costs in the amount of $49.50.[1] While photocopying costs are generally taxable, only those copies "necessarily obtained for use in the case" may be recovered. See 28 U.S.C. 1920 (2000). Copies made for the convenience of counsel are not taxable. U.S. E.E.O.C. v. W&O, Inc., 213 F.3d 600, 623

---

[1] Defendants assert the costs currently claimed do not include the photocopying fees submitted separately in the Bill of Costs.

(11th Cir. 2000). Defendants have failed to submit an itemized list of facsimile costs or otherwise distinguish those costs incurred for use in the case from costs incurred for the convenience of counsel. Therefore, because the Court is unable to determine whether the costs claimed are recoverable under § 1920, Defendants' Motion is also denied with respect to the claimed facsimile costs.

**IV. CONCLUSION**

For the foregoing reasons, Defendants' Motion for Attorney's Fees and Costs (Doc. 61) is denied.

**SO ORDERED**, this the 19th day of December, 2006.

/s/ Hugh Lawson
**HUGH LAWSON, Judge**

scs